UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE YOUNG pka DR. DRE, an individual,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>WIDEAWAKE DEATH ROW ENTERTAINMENT LLC, a limited liability company; WIDEAWAKE ENTERTAINMENT GROUP, INC., a corporation; WIDEAWAKE HOLDING COMPANY, INC., a corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | CASE NO. CV10-01019-CAS (JEMx)<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>[Discovery Document: Referred to Magistrate Judge John E. McDermott]<br><br>Action Commenced: February 11, 2010<br><br>Discovery Cut-Off:　None Set<br>Motion Cut-Off:　　None Set<br>Trial Date:　None Set |

　　　Upon consideration of the Stipulation for Entry of Protective Order made pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 26(c) by and between plaintiff Andre Young pka Dr. Dre ("Plaintiff"), on the one hand, and on the other hand defendants Wideawake Death Row Entertainment, LLC and Wideawake Entertainment Group Inc. (collectively, "Defendants"), in the interests of protecting confidential proprietary and financial information from improper disclosure, and upon good cause showing, the Court hereby orders that the Stipulated Protective Order shall be entered in this matter as follows:

/ / /

1828.115/351013.1

1. GOOD CAUSE STATEMENT: Defendants believe that disclosure and discovery activity in this action is likely to involve production of confidential, proprietary and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted, and Plaintiff does not object to such protection. Such documents include, but are not necessarily limited to:

(a) Defendants' financial records and other confidential and proprietary business information, such as royalty statements, fees charged, calculation of advances, terms and conditions to which parties were willing to agree; private financial information concerning payments to artists and others; and other writings that provide private financial information the public disclosure of which will put Defendants at a competitive disadvantage by revealing to others in the music industry sensitive details about Defendants' inner workings as well as Defendants' negotiating strategies and the strategies of third parties; and

(b) Defendants' agreements with and financial records of third parties, including specifically E1 Entertainment and Evergreen Copyrights, both of which have insisted on the entry of a protective order as a condition before responding to Plaintiff's subpoenas.

Such documents and information meet the definition of trade secrets under the Uniform Trade Secrets Act as codifed at Sections 3426 through 3426.11 of the California Civil Code because they derive independent economic value from not being generally known to the public or to other persons who can obtain economic value from their disclosure or use and are the subject of efforts to maintain secrecy. Defendants normally do not disclose such documents or information to third parties and have implemented procedures to safeguard their confidentiality.

2. For the purposes of this Order, the words "document" and "documents" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced

KING, HOLMES,
PATERNO
& BERLINER LLP

1828.115/351013.1

2

communications or representation of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events.  This definition includes, but is not limited to, any and all of the following: day-timers, journals, logs, calendars, handwritten notes, correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgements, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial statements, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packaging, plans, photographs, pictures, film, microfilm, microfiche, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimilies, tapes, transcripts, recordings, and all other sources or formats from which data, information, or communications can be obtained.  Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment, enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another documents, is to be considered a separate document.

      3.     In connection with discovery proceedings in this action, the parties and any third party producing documents or other material may designate a document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Protective Order ("Order").  Confidential information is information which has not been made public and which concerns or relates to the proprietary and financial information of the parties, and for which good cause exists to protect it from public disclosure and from use for any purpose other than

prosecuting this litigation.

4. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis in law and in fact for the designation within the meaning of Fed. R. Civ. P. 26(g).

5. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage documents shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

6. Any disputes over the designation of any document, thing, material, testimony or other information derived therefrom as "Confidential" may be resolved by the procedures described in Local Rule 37.

7. Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately. In addition, the parties may designate testimony from a deposition as confidential subsequent to the deposition, by making such designation within 14 days from the receipt of the transcript.

8. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

9. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified

persons" designated below:

    (a)    a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (b)    experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (c)    the Court, its staff and court reporter(s) employed in this action;

    (d)    a witness at any deposition or other proceeding in this action; and

    (e)    any other person as to whom the parties in writing agree.

10.    Only qualified persons may attend depositions at which Confidential Material is used or discussed.

11.    Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

12.    Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence.  The terms of this Order do not preclude, restrict, or otherwise apply to the use of documents at trial.

13.    Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Order.

14.    If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers—or the confidential portion thereof—under seal in compliance with Local Rule 79-5.  The application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.  Any third party who has produced such Confidential Material shall be given notice of its submissions concurrent with notice to the parties hereto.

15. The inadvertent or unintentional disclosure of any Confidential Material without an appropriate designation shall not be construed to be a waiver, in whole or in part, of that party's right to claim that the Confidential Material should be subject to protection as Confidential Material under this Order.  Any such documents or information inadvertently produced without designation, and all copies and records thereof, shall be immediately returned to the producing party upon written notice from the producing party.

16. If any Confidential Material obtained, or any material derived or generated therefrom, is sought through discovery from either party by any other litigant in any other judicial or administrative proceeding, each party agrees to immediately notify the designating party in writing so as to permit the designating party to seek a protective order from the appropriate court.

17. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted, (ii) to seek and obtain, upon an appropriate showing, additional protection with respect to the confidentiality of Material or relief from this Protective Order with respect to particular designated Confidential Material, or (iii) to present a motion to the Court under Fed. R. Civ. P. 37 to compel the redesignation or production as to any particular document or information should any party object to any designation of confidentiality, provided the parties comply with Local Rule 37.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

18. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver

by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

19. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case, and upon 60-days written request by counsel for the providing party, the parties shall assemble and return to each other all Confidential Material, including all documents, material and deposition transcripts designated as confidential and all copies, abstracts, and summaries of same, or shall certify the destruction thereof.

IT IS SO ORDERED.

Dated: June 2, 2010

*/s/John E. McDermott*
JOHN E. MCDERMOTT,
UNITED STATES MAGISTRATE JUDGE