UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1019 CAS (JEMx) | Date | June 7, 2010 |
|---|---|---|---|
| Title | ANDRE YOUNG pka DR. DRE v. WIDEAWAKE DEATH ROW ENTERTAINMENT, LLC; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Stephen Rothschild | Michael Holtz |

**Proceedings:**   **DEFENDANTS WIDEAWAKE DEATH ROW ENTERTAINMENT, LLC & WIDEAWAKE ENTERTAINMENT GROUP'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** (filed 4/22/10)

**I.     INTRODUCTION**

On February 11, 2010, plaintiff Andre Young pka Dr. Dre ("Dr. Dre") filed the instant action against Wideawake Death Row Entertainment, LLC; Wideawake Entertainment Group, Inc.; Wideawake Holding Company, Inc; and Does 1 through 10. Plaintiff alleges claims for (1) breach of contract; the following claims under the Lanham Act, 15 U.S.C. §§ 1051 et seq., for (2) false advertising, pursuant to 15 U.S.C. § 1125(a); (3) trademark infringement, pursuant to 15 U.S.C. § 1114; (4) trademark dilution, pursuant to 15 U.S.C. § 1125(c); and claims for (5) misappropriation of the common law right of publicity; (6) violation of Cal. Civil Code § 3344; (7) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"); and (8) imposition of a constructive trust. On February 22, 2010, plaintiff dismissed Wideawake Holding Company, Inc. The gravamen of plaintiff's complaint is that defendants have failed to pay him royalties on his music album "The Chronic," among other works, and that defendants have released a "remastered" version of the album, entitled "The Chronic Re-Lit & From the Vault" ("Re-Lit"), as well as a "Greatest Hit" album, without his authorization.

On April 22, 2010, defendants filed the instant motion to dismiss. Plaintiff filed his opposition to the motion on May 17, 2010. Defendants' reply was filed on May 24,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1019 CAS (JEMx) | Date | June 7, 2010 |
|---|---|---|---|
| Title | ANDRE YOUNG pka DR. DRE v. WIDEAWAKE DEATH ROW ENTERTAINMENT, LLC; ET AL. | | |

2010. A hearing was held on June 7, 2010. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

**II.    FACTUAL BACKGROUND**

According to plaintiff, he is an "internationally renowned and immensely popular composer, producer, recording artist and performer, with an excellent reputation among the public and the critical community for his music." Compl. ¶ 1. His critically acclaimed and commercially successful works include his debut solo album "The Chronic," released in 1992 on the record label he co-founded, Death Row Records, Inc. ("Death Row"). Id. Plaintiff alleges that when he formed Death Row in 1991, he orally and impliedly granted Death Row a non-exclusive license to release sound recordings he produced, composed and/or performed on, in exchange for royalties commensurate with his status in the music industry (the "1991 Agreement"). Id. ¶ 22. Plaintiff further alleges, that in 1992, he orally granted Death Row a non-exclusive license to distribute "The Chronic" and albums he produced for other artists, in exchange for Death Row's payment of a royalty of 18 percent of the suggested retail price on all copies of "The Chronic," and a 4 percent royalty on albums he produced for other artists (the "1992 Agreement"). ¶¶ 23, 24; Opp'n at 3. Then, in 1996, plaintiff allegedly entered into a written agreement with co-owner Marion "Suge" Knight ("Knight") whereby plaintiff gave up his ownership interest in Death Row and quitclaimed to Death Row his copyrights in sound recordings previously released by Death Row, including "The Chronic" and the Dre Recordings. Compl. ¶ 25. Plaintiff alleges that in exchange, Death Row agreed to pay plaintiff his royalties under the 1991 and 1992 Agreements, and not to distribute "The Chronic" or any of the Dre Recordings except "in the manners heretofore distributed" (the "1996 Agreement"). Id.; Opp'n at 4; Ex. 1. Plaintiff further alleges that in 1996, Death Row had not distributed the material digitally and had no right to do so. Compl. ¶ 28.

According to plaintiff, defendants bought the assets of Death Row from Death Row's bankruptcy estate on January 15, 2009. Id. ¶ 30. The purchase included the copyrights to "The Chronic" and the other Dre Recordings, subject to the 1991, 1992 and 1996 Agreements. Id. Plaintiff alleges that in Spring 2009, he gave defendants actual notice of their contractual obligations to plaintiff, including notice that the 1996 Agreement prohibited defendants from releasing "The Chronic" in any manner in which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1019 CAS (JEMx) | Date | June 7, 2010 |
|---|---|---|---|
| Title | ANDRE YOUNG pka DR. DRE v. WIDEAWAKE DEATH ROW ENTERTAINMENT, LLC; ET AL. | | |

it was not distributed prior to the 1996 Agreement. Id. ¶ 31. Then, allegedly without plaintiff's authorization, on August 31, 2009, defendants released and commenced distributing "Re-Lit," an album/DVD set that purported to include a "digitally re-mastered" version of "The Chronic" and included bonus material different than the original release, including interview footage and videos of plaintiff. Id. ¶¶ 36-37. "Re-Lit" allegedly has different cover art than the "The Chronic" and is distributed digitally. Id. Plaintiff alleges that defendants have falsely advertised and promoted "Re-Lit" as being "the way Dre wanted" the recording to be heard. Id. ¶ 37. In addition, plaintiff alleges that defendants have released and distributed several "greatest hit" packages containing plaintiff's recordings, and have distributed his recordings digitally, in violation of the 1996 Agreement. Id. ¶¶ 39-41. Finally, plaintiff alleges that defendants have failed to account to plaintiff for any of the royalties due to him. Id. ¶ 38.

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1019 CAS (JEMx) | Date | June 7, 2010 |
|---|---|---|---|
| Title | ANDRE YOUNG pka DR. DRE v. WIDEAWAKE DEATH ROW ENTERTAINMENT, LLC; ET AL. | | |

(9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### IV.   DISCUSSION

Defendants moves to dismiss plaintiffs' complaint in its entirety. The Court addresses plaintiffs' claims in turn.

    **1.   First Claim for Breach of Contract**

Although defendants contend in their moving papers that plaintiff fails to state a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1019 CAS (JEMx) | Date | June 7, 2010 |
|---|---|---|---|
| Title | ANDRE YOUNG pka DR. DRE v. WIDEAWAKE DEATH ROW ENTERTAINMENT, LLC; ET AL. | | |

claim for breach of contract, defendants apparently concede in their reply that plaintiff has sufficiently pled his contract claim under the applicable federal rules of pleading.[1] Mot. at 2-3; Reply at 1.

Therefore, the Court DENIES defendants' motion to dismiss the first claim.

**2.    Second, Third, and Fourth Claims under the Lanham Act**

In his second claim for false advertising, pursuant to 15 U.S.C. § 1125(a), plaintiff alleges that defendants' use of his name and likeness on and in connection with "Re-Lit" and the greatest hit packages has caused a likelihood of confusion and created a false impression that such products were authorized, approved, endorsed, sponsored, connected or affiliated with plaintiff. Compl. ¶ 48. In his third and fourth claims, plaintiff alleges that such use violated and diluted his registered trademark rights under § 1114 and § 1125(c), respectively. ¶¶ 55-63.

Defendants contend that these allegations fail to state a claim under federal trademark law for the following reasons. Mot. at 4. First, defendants argue that trademark law does not impose liability on defendants for their use of an artist's name to correctly identify him as the recording artist. Id. at 4-5 (citing, e.g., Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 8D.03[B][2]). Further, defendants argue that where, as here, a claim of false endorsement or likelihood of confusion is based on an expressive work such as music, courts apply a heightened standard designed to protect First Amendment values. Id. at 5. Under that test, defendants contend, so long as the use of a plaintiff's identity is related to the work's content, the plaintiff must prove that the use "explicitly misleads" the public. Id. at 6 (citing Rogers v. Grimaldi, 875 F.2d 994, 999 (2d Cir. 1989)). Given that defendants are the undisputed copyright owners of "The Chronic" masters, defendants contend that plaintiffs alleged "dissatisfaction" with the manner in which they chose to package his master recordings from "The Chronic" does not give rise to a cognizable claim under trademark law because they are not explicitly misleading consumers. Id. at 6-7 (citing Dastar Corp. v. Twentieth Century Fox Film

---

[1] In their reply papers, defendants only request that the Court dismissed plaintiff's second through eighth claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1019 CAS (JEMx) | Date | June 7, 2010 |
|---|---|---|---|
| Title | ANDRE YOUNG pka DR. DRE v. WIDEAWAKE DEATH ROW ENTERTAINMENT, LLC; ET AL. | | |

Corp., 539 U.S. 23 (2003) (holding that "origin of goods," as used in § 43(a)(1)(A) of the Lanham Act, does not properly apply to creative works)).

Plaintiff responds that while defendants are correct that truthfully ascribing authorship to an author does not constitute trademark infringement, false endorsement where the defendant uses an author's name to suggest authorship or endorsement of a modified version of his work does however constitute trademark infringement under § 43(a) of the Lanham Act. Opp'n at 8-10 (citing, e.g., Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, § 28.15 (West 2010)). Plaintiff maintains that some courts will analyze false endorsement claims as a form of trademark infringement, while other courts will analyze these claims as a form of false advertising. Id. Further, he argues that "over-representation" of an artist's contribution to a work also violates the Lanham Act. Id. at 10 (citing PPX Enterprises, Inc. v. Audiofidelity Enterprises, Inc., 818 F.3d 266, 272 (2d Cir. 1987); McCarthy, supra, § 27.84). Because the complaint alleges that defendants falsely used plaintiff's name to suggest his authorship or approval of a substantially modified version of "The Chronic" by advertising "Re-Lit" as the way "Dre wanted ["The Chronic"] to be heard," and placing his name and likeness on the jacket cover of "Re-Lit" and the material with which it has been re-packaged, plaintiff contends that he has stated claims for relief for false advertising, trademark infringement and trademark dilution under the Lanham Act. Id. at 11. Plaintiff argues that Rogers is inapposite because that case addressed when titles to artistic works are misleading, and that defendant's reliance on Dastar is similarly misplaced because that case addressed reverse passing off, whereby an infringer passes off another's work as his own. Id. at 11-12.

Defendants reply that they did not substantially modify the substance of "The Chronic" in any way, because "[e]xcept for superior sonic clarity and slightly louder volume, the CDs are verbatim identical in their entirety."[2] Reply at 2-3. Thus, unlike the

---

[2] In support of their motion, defendants request that the Court take judicial notice of the following two exhibits filed with the Court: (A) a physical copy of "The Chronic" compact disc (Interscope Records 1992); and (B) a physical copy of "The Chronic Re-Lit" compact disc (Wideawake/Death Row 2009). Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986). As such, judicial notice is proper insofar as judicial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1019 CAS (JEMx) | Date | June 7, 2010 |
|---|---|---|---|
| Title | ANDRE YOUNG pka DR. DRE v. WIDEAWAKE DEATH ROW ENTERTAINMENT, LLC; ET AL. | | |

facts in <u>Gilliam v. American Broadcasting Cos., Inc.</u>, 538 F.3d 14, 18 (2d Cir. 1976) (the "Monty Python case"), the leading case in this area, where the defendant extensively edited the "Monty Python" comedy series in order to broadcast it on television, defendant argues that they have only made "cosmetic changes" to the album in order to update the audio quality of the album. <u>Id.</u> at 3-4 (citing McCarthy, <u>supra</u>, § 27:83). Further, they argue that this is not a case where it can be said that defendants over-represented plaintiff's contribution to a work, given that plaintiff concedes that he is the author of the original album and "Re-Lit" is "nothing more than a deluxe reissue of plaintiff's classic album . . . , with an extra disc containing bonus material." <u>Id.</u> at 5.

Where a copyright licensee acts outside the scope of the license to make un-permitted editing resulting in a distorted travesty of the original work, use of the author's name constitutes false representation under the Lanham Act § 43(a). McCarthy, <u>supra</u>, at § 27:83. However, where the alterations made without permission of the author are relatively minor and inconsequential, so as not to result in the kind of distortion found in the "Monty Python" case, there is no violation of § 43(a). <u>Id.</u> In the instant case, plaintiff alleges that defendants, the copyright licensee, have modified the original sound recordings by digitally re-mastering the original recordings. Plaintiff does not allege that the works were edited, or substantially modified, in such a way to trigger the so-called "Monty Python" rule, whereby it could be said that defendants falsely attribute or represent plaintiff as the author of "Re-Lit." <u>See id.</u> As to plaintiff's allegation that defendants have used his name and likeness, including the original photograph from the jacket cover of "The Chronic," the Court finds that these allegations fail to state a claim that defendants have over-represented plaintiff's contribution to "Re-Lit," given that defendants accurately identify plaintiff as the author of the original masters and that defendant used a substantially same photograph from the original album jacket cover, and did not use a current picture so to imply that plaintiff recently contributed to the re-issued album. <u>See id.</u> at § 27:84 (discussing claims of false advertising arising from allegations of over-representation and false attribution; and noting that it is false advertising to sell a recording made many years ago with a current picture of the recording artist on the

---

notice is taken that these two court filings were made. The Court GRANTS defendants' request for judicial notice to the extent they request that the Court take judicial notice that the two exhibits were filed with the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1019 CAS (JEMx) | | Date | June 7, 2010 |
|---|---|---|---|---|
| Title | ANDRE YOUNG pka DR. DRE v. WIDEAWAKE DEATH ROW ENTERTAINMENT, LLC; ET AL. | | | |

cover). Thus, the Court concludes that plaintiff fails to state a claim under the Lanham Act and GRANTS defendants' motion to dismiss these claims with leave to amend.

### 3. Fifth and Sixth State Law Claims for Violation of Plaintiff's Common Law and Statutory Publicity Rights

In his fifth and sixth claims for relief, plaintiff alleges that defendants violated his California common law and statutory rights of publicity by using his name and likeness on and in connection with "Re-Lit" and the Death Row greatest hit packages, and in promotion of defendants' business and other merchandise.[3] Compl. ¶¶ 64-72.

---

[3] In California, to prevail on a cause of action for common law misappropriation of plaintiff's name or likeness, plaintiff must establish: "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." Montana v. San Jose Mercury News, Inc., 34 Cal. App. 4th 790, 793 (1995). Unlike Civil Code § 3344, the scope of the common law tort applies not only to a person's "name or likeness," but also to that which is distinctive or personal to the individual, such as a professional persona. See Waits v. Frito-Lay, Inc., 978 F.2d 1093 (9th Cir. 1992). California also provides a statutory cause of action for misappropriation of a person's likeness. See Cal. Civil Code § 3344. "The statutory cause of action complements rather than codifies common law misappropriation." Montana, 34 Cal. App. 4th at 793. Civil Code § 3344 provides, in relevant part:

> Any person who knowingly uses another's name, ... photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling . . . goods or services, without such person's prior consent . . . shall be liable for any damages sustained . . . .

In addition to the common law elements, the statute requires two further allegations: "(1) knowing use; and (2) a direct connection . . . between the use and the commercial purpose." Abdul-Jabbar v. General Motors Corp., 85 F.3d 407, 414 (9th Cir. 1996). The Ninth Circuit has construed section 3344's "protection of 'name, voice, signature, photograph, or likeness' more narrowly than the common law's protection of identity." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1019 CAS (JEMx) | Date | June 7, 2010 |
|---|---|---|---|
| Title | ANDRE YOUNG pka DR. DRE v. WIDEAWAKE DEATH ROW ENTERTAINMENT, LLC; ET AL. | | |

  Defendants contend that plaintiff does not state cognizable claims because California's right of publicity jurisprudence prohibits only the unauthorized commercial use of one's identity. Mot. at 7 (citing Cal. Civ. Code § 3344). According to defendants, their purported "uses" of plaintiff's identity in the context of expressive works, such as music, is not considered commercial in nature, and they further argue that plaintiff cannot invoke the state right of publicity to block the exploitation of copyright protected material containing his performances or to prevent the accurate identification of him as a performer therein. Id. at 8 (citing Restatement (Third) of Unfair Competition § 47 (1995)). Also, defendants contend that their purported advertising is constitutionally protected speech. Id. As the lawful proprietors of music products embodying plaintiff's performances, they argue that the First Amendment protection extends to preserve defendants' right to use his name and image to advertise their line of products. Id. (citing Page v. Something Weird Video, 960 F. Supp. 1438, 1445 (C.D. Cal. 1996)). Finally, defendants argue that to the extent plaintiff is utilizing California statutory and common law to pursue liability against defendants for their exploitation of copyright protected material containing his performances, his state law claims appear to be preempted by federal copyright law. Id. at 9-10 (citing 17 U.S.C. § 301(a); Butler v. Target Corp., 323 F. Supp. 2d 1052, 1056-57 (C.D. Cal. 2004); Laws v. Song Music Entertainment, Inc., 448 F.3d 1134, 1145 (9th Cir. 2006)).

  Plaintiff responds that defendants' "commercial use" argument is based on law that pre-dates the 1984 amendments to § 3344 which prohibit any unauthorized use of a person's name on a product. Opp'n at 12. Moreover, even if a commercial purpose were required, plaintiff argues that he has alleged that defendants used his name to promote itself and its commercial products, including "Re-Lit." Id. at 13. Further, plaintiff contends that defendants' First Amendment concerns are misplaced because as he previously argued, defendants' use of his name and likeness allegedly far exceeded merely identifying him as the author of "The Chronic." Id. Finally, plaintiff contends that the Copyright Act does not preempt plaintiff's right of publicity claims because he is not alleging infringement of copyrightable material, but rather he is alleging that defendants used his name and likeness, without his authorization, to promote and

---

at 1399.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1019 CAS (JEMx) | Date | June 7, 2010 |
|---|---|---|---|
| Title | ANDRE YOUNG pka DR. DRE v. WIDEAWAKE DEATH ROW ENTERTAINMENT, LLC; ET AL. | | |

advertise their products. Id. at 14 (citing Downing v. Abercrombie & Fitch, 265 F.3d 994, 1003-03 (9th Cir. 2001) (holding that surfer plaintiffs' right of publicity claim for defendant's use of copyrighted photograph of them in advertising was not preempted by Copyright Act); cf. Laws, 448 at 1144, which involved defendant's use of a portion of one of plaintiff's sound recordings).

Defendants reiterate that they may properly use plaintiff's name to identify his as the artist of the recordings contained in "Re-Lit." Reply at 7-8. Further, defendants argue that plaintiff's allegation that they used his photograph on the jacket cover of "Re-Lit," which happens to be the same photo that appeared on the original album, does not give rise to a claim for relief. Id. Finally, they reiterate that plaintiff's right of publicity claims are preempted by the Copyright Act because plaintiff is utilizing his state law claims to prevent defendants from exercising their exclusive rights under copyright law. Id. at 9.

Although the image of the jacket cover, including the photograph of plaintiff, is subject matter protected by the Copyright Act, see 17 U.S.C. § 101, the subject of plaintiff's claims is not the publication of the jacket cover, as a creative work of authorship, but rather it is the use of plaintiff's likeness and his name—namely his right of publicity. As the Ninth Circuit held in Downing, 265 F.3d at 1004-05, because the subject matter of plaintiff's statutory and common law right of publicity claims is his name and likeness, which is not copyrightable, the claims are not equivalent to the exclusive rights contained in § 106, and thus not preempted by the Copyright Act. In this case, defendants allegedly used plaintiff's name and likeness to accurately identify plaintiff as the author of the original sound recordings contained in albums, including "The Chronic," to which defendants own the copyright. Plaintiff further alleges that defendants have used his name and likeness "in promotion of their business and other merchandise." See Compl. ¶ 65. Promotional speech may be noncommercial if it advertises an activity itself protected by the First Amendment. Bolger v. Youngs Drug Prods. Corp., 463 U.S. 60, 67 n.14 (1983). "Although 'commercial speech' has not traditionally enjoyed constitutional protection, commercial solicitation or promotion of constitutionally protected . . . works is protected as an incident to the First Amendment value of the underlying speech or activity." People v. Fogelson, 21 Cal. 3d 158, 165 n. 7, 145 (1978). "Constitutional protection extends to the truthful use of a public figure's name and likeness in advertising which is merely an adjunct of protected publication and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1019 CAS (JEMx) | Date | June 7, 2010 |
|---|---|---|---|
| Title | ANDRE YOUNG pka DR. DRE v. WIDEAWAKE DEATH ROW ENTERTAINMENT, LLC; ET AL. | | |

promotes only the protected publication." Montana, 34 Cal. App. 4th at 797. In this case, plaintiff has failed to sufficiently allege that defendants' use of his name and likeness is more than incidental to the protected publication of his albums, and thus defendants' use is protected by the First Amendment. See Page, 960 F. Supp at 1442-43 (finding that defendant's use of plaintiff's likeness was protected by the First Amendment because the advertisement was incidental to the protected publication of the film videos). Accordingly, the Court GRANTS defendants' motion to dismiss these claims with leave to amend.

    **4.    Seventh Claim for Violation of the UCL**

Defendants contend that the test under the UCL and the Lanham Act is "exactly the same," namely, "whether the public is likely to be deceived or confused." Mot. at 10 (citing Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1178 (9th Cir. 1988)). Accordingly, they argue that because plaintiff fails to state a valid trademark claim, his UCL claim must likewise be dismissed. Id. Plaintiffs respond that defendants overlook his allegation that they falsely advertised and suggested that plaintiff authorized and endorsed "Re-Lit," and that plaintiff participated in the creation of this album. Opp'n at 14-15.

Given that plaintiff's allegations are insufficient to state a claim under the Lanham Act or under California's right of publicity laws, the Court finds dismissal of plaintiff's UCL claim appropriate. See Acad. of Motion Picture Arts & Scis. v. Creative House Promotions, Inc., 944 F.2d 1446, 1457 (9th Cir. 1991) ("An action for unfair competition under Cal. Bus. & Prof. Code §§ 17200 et seq. is substantially congruent to a trademark infringement claim under the Lanham Act."). Accordingly, the Court GRANTS defendants' motion to dismiss these claims with leave to amend.

    **5.    Eighth Claim for Constructive Trust**

Defendants contend that a constructive trust is a remedial device and not a substantive claim on which to base recovery. Mot. at 10-11 (citing Lund v. Albrecht, 936 F.2d 459, 464 (9th Cir. 1991)). Accordingly, they argue that plaintiff's eighth claim should be dismissed. Id. Plaintiff responds that there is case law to support his position that there is a claim for relief for constructive trust. Opp'n at 15 (citing, e.g., Stewart

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1019 CAS (JEMx) | Date | June 7, 2010 |
|---|---|---|---|
| Title | ANDRE YOUNG pka DR. DRE v. WIDEAWAKE DEATH ROW ENTERTAINMENT, LLC; ET AL. | | |

Title of Nevada, Inc. v. Haenisch, 2006 WL 3717419, at *6 (D. Nev. 2006)). In addition, plaintiff asserts that the Court may treat the request for constructive trust as an alternative remedy, rather than requiring it to be re-pled. Id.

In so far as plaintiff requests the imposition of a constructive trust, as an alternative remedy, the Court DENIES defendant's motion to dismiss plaintiff's eighth claim.

**V.   CONCLUSION**

In accordance with the foregoing, the Court GRANTS in part and DENIES in part defendants' motion to dismiss. Specifically, the Court denies the motion with respect to plaintiff's claims (1) and (8). The Court grants the motion with respect to claims (2), (3), (4), (5), (6) and (7), and dismisses these claims with leave to amend. Plaintiff shall file an amended complaint curing the defects noted herein within 30 days after the filing of this order. In the event that plaintiff does not amend his complaint within 30 days, this order will operate as a dismissal with prejudice of claims (2) through (7).

IT IS SO ORDERED.

|  | : | 05 |
|---|---|---|
| Initials of Preparer | PDP | |