| Case No. | CV 10-1019 CAS (JEMx) | Date | May 16, 2011 |
|---|---|---|---|
| Title | ANDRE YOUNG pka DR. DRE v. WIDEAWAKE DEATH ROW ENTERTAINMENT, LLC; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Stephen Rothschild<br>Howard King | Michael Holtz<br>Henry Self, III |

**Proceedings:** **DEFENDANTS' MOTION IN LIMINE NO. 1 OR, IN THE ALTERNATIVE, REQUEST FOR CLARIFICATION** (filed 05/05/11)

## I. INTRODUCTION

On February 11, 2010, plaintiff Andre Young, professionally known as the rap artist Dr. Dre, filed the instant action against Wideawake Death Row Entertainment, LLC; Wideawake Entertainment Group, Inc.; Wideawake Holding Company, Inc; and Does 1 through 10. On February 22, 2010, plaintiff dismissed Wideawake Holding Company, Inc.

On June 7, 2010, the Court dismissed six of plaintiff's eight claims with leave to amend. Specifically, the Court dismissed plaintiff's claims under the Lanham Act, 15 U.S.C. §§ 1051 et seq., for false advertising, pursuant to 15 U.S.C. § 1125(a); trademark infringement, pursuant to 15 U.S.C. § 1114; trademark dilution, pursuant to 15 U.S.C. § 1125(c); and misappropriation of the common law right of publicity. The Court also dismissed plaintiff's claims for violation of Cal. Civ. Code § 3344; and violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"). On July 8, 2010, plaintiff filed a notice of intention not to amend the complaint.

On April 19, 2011, the Court entered an Order Granting In Part and Denying In Part Cross-Motions for Partial Summary Judgment ("Summary Judgment Order"). Dkt. 70. In the Summary Judgment Order, the Court found that defendants breached a 1996 agreement executed between Death Row Records, Inc. and plaintiff (the "1996

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1019 CAS (JEMx) | Date | May 16, 2011 |
|---|---|---|---|
| Title | ANDRE YOUNG pka DR. DRE v. WIDEAWAKE DEATH ROW ENTERTAINMENT, LLC; ET AL. | | |

Agreement") by making plaintiff's recordings available for digital download on the internet, allowing online retailers to sell as singles plaintiff's recordings that were not sold individually prior to the execution of the 1996 Agreement, and distributing plaintiff's recordings on compilation albums. Id. at 14:17–15:4. In addition, the Court permitted plaintiff to pursue the imposition of a constructive trust as a substitute for actual damages, but reserved judgment as to the precise measure of damages. Id. at 21:12–13, 21:24–28, 24:6.

On May 2, 2011, plaintiff filed his Memorandum of Contentions of Fact and Law, wherein he argues that "he is entitled to a constructive trust over all of defendants' past and future revenues as a result of defendants' wrongful usurpation of plaintiff's bargained-for right to determine the manners in which songs from "The Chronic" are distributed." See Dkt. 77.

On May 5, 2011, defendants filed the instant motion in limine, or, in the alternative, request for clarification of the Court's Summary Judgment Order. Plaintiff filed an opposition to defendants' motion on May 12, 2011. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.    DISCUSSION

As an initial matter, the Court reiterates its finding in the Summary Judgment Order that the Waiver of Remedies contained in paragraph 8 of the 1996 Agreement unambiguously limits plaintiff's remedy to "an action for actual damages." See Summary Judgment Order at 21:10–11. The Court's recognition of the imposition of a constructive trust as an alternative or substitute remedy was not intended to enlarge plaintiff's recovery beyond actual damages. See id. at 21:11–13. Thus, plaintiff is not entitled to impose a constructive trust over anything more than the damages he can prove at trial.

The next issue the Court must address is whether plaintiff is entitled to seek disgorgement as a remedy. Defendants argue that plaintiff is not entitled to disgorge all of the net revenues they received as a result of their distribution of plaintiff's recordings in violation of paragraph 3(c) of the 1996 Agreement. Mot. at 3. Plaintiff responds that he is entitled to recover all of defendants' profits from defendants' wrongful distribution

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1019 CAS (JEMx) | Date | May 16, 2011 |
|---|---|---|---|
| Title | ANDRE YOUNG pka DR. DRE v. WIDEAWAKE DEATH ROW ENTERTAINMENT, LLC; ET AL. | | |

of his recordings, whether the amount of profits is characterized as actual damages or disgorgement. Opp'n at 2.

Under California Civil Code section 3300, "[f]or the breach of an obligation arising from contract, the measure of damages . . . is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." Generally, the measure of damages to be applied in fashioning a remedy for breach of contract are so-called expectation damages. The goal of these damages is to "'compensate [] the [plaintiff] for the loss of his 'expectational interest'—the benefit of his bargain which full performance would have brought." Sharabianlou v. Karp, 181 Cal. App. 4th 1133, 1144–45 (2010). "The 'benefit of the bargain' measure of damages is the difference between the actual value of what the plaintiff has received and that which he expected to receive." Salahutdin v. Valley of Cal., Inc., 24 Cal. App. 4th 555, 564 (1994); see also Lewis Jorge Const. Mgmt., Inc. v. Pomona Unified Sch. Dist., 34 Cal. 4th 960, 967 (2004) ( "The goal is to put the plaintiff in as good a position as he or she would have occupied if the defendant had not breached the contract.") (internal quotation marks omitted).

In some circumstances, California courts have permitted disgorgement of improperly obtained profits as a remedy for breach of contract. See Ajaxo Inc. v. E*Trade Group, Inc., 135 Cal. App. 4th 21, 55–57 (2005); see also Foster Poultry Farms, Inc. v. SunTrust Bank, 377 Fed. Appx. 665, 668–69 (9th Cir. 2010). In Ajaxo, the court affirmed a $1.29 million jury verdict as disgorgement for breach of a nondisclosure agreement. Ajaxo, 135 Cal. App. 4th at 55–56. The court held that it was appropriate for defendant to return to plaintiff the value or benefit that defendant received:

> Here, assuming that E*Trade had performed on the [non-disclosure agreement ("NDA")] , i.e. had kept Ajaxo's trade secrets and proprietary information confidential, Ajaxo would have been in exactly the same position before it entered into the NDA as it would have been after negotiations broke down, except it would have kept its trade secrets and proprietary information away from Everypath. Ajaxo conferred a benefit on E*Trade by giving E*Trade Ajaxo's trade secrets and proprietary information because, ultimately, E*Trade received technology from Everypath that helped to keep it competitive. Thus, E*Trade was benefited

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1019 CAS (JEMx) | Date | May 16, 2011 |
|---|---|---|---|
| Title | ANDRE YOUNG pka DR. DRE v. WIDEAWAKE DEATH ROW ENTERTAINMENT, LLC; ET AL. | | |

O

     by breaching the NDA. Accordingly, Ajaxo must be "compensated" for E*Trade's breach of the NDA, i.e. by E*Trade disgorging its unjust enrichment.

Id. at 56–57.

     Similarly in Foster Poultry, defendant bank breached a confidentiality agreement with plaintiff by using plaintiff's confidential financial information in a separate transaction. Foster Poultry, 377 Fed. Appx. at 667–68.[1] The district court ordered disgorgement of the bank's profits from the second transaction, holding that, "while Foster's 'losses [due to the breach of the confidentiality agreement] are difficult to assess and quantify, . . . SunTrust's gains from the breach . . . are specifically quantifiable and represented by the amount of interest and fees earned. . . .'" Id. at 668 (quoting district court order) (alterations in original). Noting that, "[u]nder California law, disgorgement of improperly obtained profits can be an appropriate remedy for breach of a contract protecting trade secrets and proprietary confidential information," the Ninth Circuit affirmed the district court order. Id. The Court of Appeals held that "a defendant's unjust enrichment can satisfy the 'damages' element of a breach of contract claim, such that disgorgement is a proper remedy." Id. at 669.

     Defendants argue that disgorgement of improperly obtained profits is an appropriate remedy only where the contract was one protecting trade secrets and/or other proprietary confidential information. Mot. at 6 (citing Ajaxo, 135 Cal. App. 4th at 55–57). Defendants contend that because the 1996 Agreement is not such an agreement, disgorgement is an inappropriate remedy. Id.

     Analogizing to Foster Poultry, plaintiff maintains that he can seek disgorgement of defendants' profits. Opp'n at 4–5. Plaintiff argues that, like Foster Poultry, his expectation damages are difficult to assess and quantify, whereas defendants' profits are easily calculated based on their actual receipts. Opp'n at 5. Although Ajaxo involved a

---

[1] The Court recognizes that because Foster Poultry is an unpublished decision, it is not precedent; however, citation to the decision is appropriate under Ninth Circuit Rule 36-3(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1019 CAS (JEMx) | Date | May 16, 2011 |
|---|---|---|---|
| Title | ANDRE YOUNG pka DR. DRE v. WIDEAWAKE DEATH ROW ENTERTAINMENT, LLC; ET AL. | | |

breach of a non-disclosure agreement, plaintiff asserts that nothing in the explanation of its remedy rests on the fact that the property at issue was a trade secret. Id. at 8.

The Court finds that at this stage, there are various potential measures of plaintiff's breach of contract damages. Foster Poultry teaches that where actual damages are difficult to prove, disgorgement may be an appropriate remedy. See Foster Poultry, 377 Fed. Appx. at 667–69. Alternatively, assuming either party can establish what payments plaintiffs would have exacted from defendants had they sought his permission for new manners of distribution of his recordings, defendants' profits may be relevant to compute plaintiff's damages. Consequently, at this stage, it cannot be said that evidence of plaintiff's profits should be excluded.

## III. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES without prejudice defendants' motion in limine, or, in the alternative, request for clarification.

IT IS SO ORDERED.

|  | 00 | : | 20 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |